## Simpson County Board of Education et al. v. Strickler.

(Decided March 26, 1937.)

RODES K. MYERS and EMMET P. HATTER for appellants.

COLEMAN TAYLOR, G. SAM MILAM and H. W. VINCENT for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

Mrs. Zuaneta Strickler instituted this action against the county board of education of Simpson county and the individual members thereof and Ella Grace Lockhart alleging that she was a resident of Simpson county, twenty-nine years of age, possessing necessary qualifications as a teacher in the common schools of that county, and holding all papers and credentials necessary to entitle her to teach in such schools; that

J. Gorrell was at all times mentioned in the petition the duly elected, qualified, and acting trustee of the Prospect Hill consolidated school district in Simpson county; that on March 30, 1936, he as trustee for such district filed with the county board of education of Simpson county his written recommendation of plaintiff as a teacher in the Prospect Hill consolidated school, which school required a staff of three teachers; that at the same time he recommended two other persons to teach in such school, but notwithstanding his recommendation, the board wrongfully and without right refused to name and employ her as teacher and designated in her stead Ella Grace Lockhart as a teacher in such school; that Ella Grace Lockhart had not at the time or since been indorsed or recommended by the trustee, and plaintiff was the only one who had received and filed a written recommendation of the trustee with the county board; that Ella Grace Lockhart wrongfully and without right was attempting to occupy the position of teacher in the school and would continue to do so unless enjoined and restrained; that the board wrongfully and without right ignored her application and the recommendation of the district trustee and failed to give the trustee any notice in writing or otherwise that her application had been rejected and his recommendation not followed.

She prayed that the election of Ella Grace Lockhart as teacher be declared null and void and that she be enjoined from acting as teacher; that the members of the school board be compelled by mandatory injunction to meet and rescind the order electing Ella Grace Lockhart and to elect plaintiff; that defendants and each of them be enjoined from interfering with plaintiff as teacher in the Prospect Hill school.

In addition to a general denial of the allegations of the petition, defendants by answer affirmatively alleged that on November 4, 1935, the Simpson county board of education discontinued the subdistricts of Sylvan, Sloss, Bethel, Prospect Hill, and Greenwood and created a new district, the boundary of which incorporated the boundary lines of such subdistricts, and that the new district thus created was known as Prospect Hill consolidated school district; that the order entered on the record of the board of education evidencing such action on its part was taken after a petition was filed with it signed by a large number of pa-

trons in such district requesting such action; that the board in the exercise of its discretion deemed the discontinuance of the subdistricts and the creation of the new district necessary for the betterment and efficiency of the county school system of the county; that upon the entry of such orders, the five subdistricts above named ceased to exist and the office of subdistrict trustees therein was abolished, and that since November 4, 1935, there had been no subdistrict trustee in any of the districts mentioned and could not be a legal subdistrict in any of them; that pupils from the districts named attended the school in the consolidated district, and that none of the trustees of such districts had authority under the law to nominate a teacher of the school; that in addition thereto, students from other districts attended the school; that it is a county school, and the power to designate teachers for it vested in the county school superintendent, and that the teachers, including E. G. Lockhart, who occupy positions in the school, were nominated by the superintendent and duly elected by the board; that the board considered applications of teachers indorsed by the former trustee, J. Gorrell, and the superintendent nominated two of the teachers so suggested, but that the superintendent and board considered the application of plaintiff but did not elect her and recorded their reasons for not electing her in a minute book of the board of education, the seven reasons assigned being set forth at length in the answer; that in any circumstances the board acted within its full power and authority in rejecting the application of plaintiff; and that the trustee after her rejection and with full and complete knowledge thereof did not file an additional recommendation, and in such circumstances the power to nominate the teacher vested in the board.

By reply plaintiff affirmatively traversed the allegations of the answer and further alleged that in following the recommendation of J. Gorrell, as trustee, in electing two teachers upon his recommendation and in attempting to persuade him as trustee to recommend Ella Grace Lockhart and in leading plaintiff to believe her recommendation was legal and sufficient, defendants were estopped to deny that J. Gorrell was the duly elected, qualified, and acting trustee at the time the application was filed and at the time the teachers were elected.

By agreement, evidence was heard orally and plaintiff was adjudged the relief sought. Defendants are appealing.

Three grounds are assigned and argued for reversal, but as a matter of convenience we shall consider them in different order from that in which they were treated in brief. One of the principal grounds relied on by appellants is that where subdistricts are abolished and a new district created the power to elect teachers in such new district is vested in the county board of education upon recommendation of the county superintendent of schools. Counsel cite and rely on the case of County Board of Education of Bath County v. Goodpaster, 260 Ky. 198, 84 S. W. (2d) 55. A cursory reading of the case relied on will reveal that the court was dealing with a situation entirely different from the one presented by the record before us.

Under a former statute in effect until June 14, 1934 (section 4426-1, Kentucky Statutes, Baldwin's 1930 Edition), it was provided that the county board of education might "change the boundaries of school subdistricts of the county school system and, when necessary, to establish new subdistricts or to unite subdistricts or parts of subdistricts." But by Acts of 1934, chapter 65, article 5, sec. 6 (section 4399-6, Kentucky Statutes, Baldwin's 1936 Edition), the powers of the county board in this respect were enlarged and they were given additional authority "to discontinue subdistricts, or to transfer a child or children to other subdistricts," with a proviso, however, that no subdistrict shall exist with less than 50 white census pupils residing therein.

The opinion in the Bath County Case, in construing the act of 1934 as authorizing an order adopted by the county board of education abolishing all subdistricts which had not been already abolished by the terms of the statute, pointed out the trend in recent years to take away the power of local subdistrict authorities and to centralize the management and control of the schools of the county district in the county board of education, and that as a further step to that end, the act of 1934 gave county boards the opportunity and right of selecting between two alternate systems; that is, the subdistrict or the unified plan.

Here there is no claim or showing of an attempt

on the part of the board to abolish all subdistricts and operate under the unified plan. The board was only dealing with the subdistricts referred to in appellants' pleading. The order of the county board of education merely reduced the number of subdistricts by an enlarged district in the county school system. They did not create a high school but continued to teach only the elementary or first eight grades, and therefore to all intents, purposes, and effect the district remained a subdistrict with authority vested in the trustee under the statute to recommend teachers. However, it is argued by appellants that all of the subdistricts mentioned were abolished and that the tenure of the trustees in the respective subdistricts thereby terminated and the power vested in the county board to appoint teachers upon the recommendation of the county superintendent. No question is made concerning the form of the written recommendation made by the trustee or that it was not seasonably filed. The evidence shows that on November 4, 1935, the county board of education by unanimous vote adopted an order appointing Mr. Duff, the county superintendent, to have an architect draw a plan and specifications for a consolidated school building to be built in the Prospect Hill neighborhood. On January 6, 1936, the county board of education adopted an order providing for the transportation of pupils from Sylvan, Greenwood, Sloss, and Bethel to Prospect Hill for the year 1936-37.

On August 20, 1936, before this suit was filed in September, but after the controversy over the refusal of the board to appoint appellee as teacher arose, a meeting was called by the superintendent for the purpose of making orders concerning the action of the board on November 4, 1935, and to ratify acts and doings of the board with reference to the Prospect Hill consolidated school, and a nunc pro tunc order was entered as of November 4, 1935, consolidating Sloss, Bethel, Greenwood, Sylvan, and Prospect Hill. The minutes of that meeting further recite:

"A motion was made by Mr. Reed and seconded by Mr. Young that the following reasons are sufficient for not employing Mrs. Zuaneta Strickler as teacher in Prospect Hill Consolidated School; they are * * *"

A recitation of the reasons assigned followed.

Appellee testified that she took her application and the recommendation of the trustee to the superintendent to be filed and that he examined it and told her it was all right and indicated that it would receive due consideration. Mr. Duff admits that he told two of the teachers who were employed to secure the recommendation of Mr. Gorrell and that he advised Miss Lockhart to secure the recommendation of Mr. Gorrell, which she attempted to do, but he refused to recommend her. Mr. Gorrell testified in substance that Mr. Duff told him he would continue as trustee because the school building was located in his district. The new school building was erected on the old school grounds in the Prospect Hill subdistrict and near the center of the new boundary.

Counsel for appellants brought out on cross-examination of appellee that the petition which was circulated in the subdistricts and signed by her was to consolidate the other districts with the Prospect Hill school. On the whole, the foregoing and other evidence clearly indicates as concluded by the chancellor that the Prospect Hill subdistrict was not abolished but was merely enlarged by the addition of territory included in the other subdistricts and that Mr. Gorrell continued as trustee. It is apparent from the evidence that Mr. Duff, the superintendent, and the members of the county board of education so regarded and treated him. Conceding for argument that he was not a trustee, then there was a vacancy in the office of trustee which it was the duty of the board to fill, and since this was an elementary school in the county system, the trustee and not the superintendent was vested by statute (Ky. St. sec. 4399-9) with authority to recommend teachers.

It is further argued on behalf of appellants that the county board of education was vested with a discretion of determining the number of teachers necessary to properly conduct the school, and that they did attempt to conduct it with the two teachers recommended by Mr. Gorrell, but found that it was necessary to and later did employ Miss Lockhart as a substitute. It is not to be doubted that the board has a discretion in determining the number of teachers necessary to properly conduct the school, but their evidence clearly indicates, and as the members of the board must have known from the number of pupils in the district, that

three or even more teachers would be required. In the proven circumstances such a conclusion is inescapable and the chancellor must have concluded, as is evidenced by his findings, that the claim of appellants that Miss Lockhart was merely employed as a substitute teacher was a pretext to avoid following the recommendation of the trustee and thus thwart the purpose of the statute.

Finally it is argued that even if Mr. Gorrell was trustee of the district with power to nominate teachers, the board still might refuse to elect a teacher recommended and it would then be incumbent upon the trustee to recommend another teacher, and upon his failure to do so, the board might elect another teacher.

Section 4399-9, Kentucky Statutes, provides in effect that the subdistrict trustee shall recommend a competent and qualified teacher or teachers and the county board shall elect such person or persons as teacher, but that the board of education may reject any nomination or recommendation for cause but such rejection shall be stated in writing. There was no such rejection of the applicant in this instance and the trustee had a right to stand on his recommendation and insist that the teacher be employed. Without detailing or discussing the reasons attempted to be assigned by the board at its meeting in August and after the teachers had been employed, except to say there is nothing contained therein that seriously reflects on the character, integrity, or ability of the teacher, we deem it sufficient to say that they did not meet the requirements of the statute or impose upon the trustee the duty of recommending another teacher, since not made within the time or in the manner provided by law.

Judgment affirmed.